

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. GERALD EUGENE OLSEN, Defendant/Movant. | Cause No. CR 05-68-BLG-SPW<br>CV 14-81-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On June 17, 2014, Defendant/Movant Gerald Eugene Olsen filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Olsen is a federal prisoner proceeding pro se.

Olsen was indicted on three counts of 17-count indictment alleging drug crimes. Indictment (Doc. 1). He pled guilty to Count 10, conspiracy to possess with intent to distribute and to distribute at least 500 grams of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1). Plea Agreement (Doc. 236) at 2 ¶ 4 (filed under seal).[1] Based solely on the drug type and quantity charged, Olsen was subject to a mandatory minimum prison sentence of ten years. 21 U.S.C. §841(b)(1)(A)(viii). But, because the United States had filed an Information under 21 U.S.C. § 851 on April 4, 2006, see Information (Doc. 181),

---

[1] Olsen originally filed a plea agreement on December 29, 2005 (Doc. 122), but at the change of plea hearing, he changed his mind and did not enter a guilty plea, Minutes (Doc. 136).

1

Olsen was subject to an enhanced mandatory minimum of 20 years in prison. 21 U.S.C. § 841(b)(1)(A); Plea Agreement at 4-5 ¶ 7. Although the advisory guideline range was well below 240 months, *see* Def. Sentencing Mem. (Doc. 313) at 4 ¶ III, Olsen was sentenced to the mandatory minimum. Minutes (Doc. 314); Judgment (Doc. 321) at 2; Order Am. Judgment (Doc. 329) at 1.

Olsen appealed the sentence. Counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The motion was granted and Olsen's sentence was affirmed on January 22, 2008. *United States v. Olsen*, No. 07-30037 (9th Cir. Jan. 22, 2008) (unpublished mem. disp.) (Doc. 381).

On August 10, 2012, Olsen filed a petition, ostensibly under 28 U.S.C. § 2241, claiming the § 851 Information was invalid. The petition was denied. Order (Doc. 400) at 2.[2]

Once again, Olsen challenges the validity of the § 851 Information, this time in a motion under 28 U.S.C. § 2255. He claims his motion is timely because he is "actually innocent" of the enhancement and because the Court lacked jurisdiction. *See* Mot. § 2255 (Doc. 407) at 1-2. For the following reasons, all of his claims lack

---

[2] The Court assumed, for the sake of argument, that Olsen could proceed under § 2241. It noted that Olsen's conviction in Park County was final 60 days after judgment was entered on April 28, 2003, that is, on Friday, June 27, 2003. Park County Judgment (Doc. 181-1) at 1; Mont. R. App. P. 5(b). The crime to which Olsen pled guilty in this Court continued "up to approximately October, 2003." Plea Agreement (Doc. 236) (under seal) at 2-3, 7-8. Thus, Olsen committed that crime "after a prior conviction for a felony drug offense ha[d] become final." 21 U.S.C. § 841(b)(1)(A); *United States v. Baker*, 10 F.3d 1374, 1420-21 (9th Cir. 1993). *Baker* has been overruled, limited, and distinguished on various grounds, but not on this one.

merit.

Olsen claims state counsel in the underlying criminal proceeding in Park County was constitutionally ineffective because that lawyer did not tell him that his Park County conviction could be used to enhance any future sentence for future conduct. Mot. § 2255 at 3-5 ¶¶ I-II, 7 ¶ V. But the Constitution only requires lawyers to advise defendants of the *direct* consequences of a conviction. *See, e.g., Padilla v. Kentucky*, 559 U.S. 356, 364-66 (2010). Although the dividing line between direct and collateral consequences is not always easy to find, a consequence cannot be "direct" when it will not arise at all unless the defendant continues to commit crimes, is apprehended, is prosecuted, and is convicted. Moreover, whether counsel expressly says so or not, a reasonable person would know that a criminal record will generally result in higher penalties for future illegal conduct. *See, e.g., Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998) (noting that recidivism "is as typical a sentencing factor as one might imagine").

Olsen also contends that counsel in the federal proceeding was ineffective because he did not challenge state counsel's effectiveness. *See* Mot. § 2255 at 11 ¶ VIII; 21 U.S.C. § 851(c)(2), (e). This argument fails because it would create a large loophole in the time limitation of 21 U.S.C. § 851(e), *cf. Daniels v. United States*, 532 U.S. 374, 378-83 (2001), and, at any rate, Olsen fails to show that state

3

counsel was ineffective.

Olsen claims the Court lacked jurisdiction. Mot. § 2255 at 1-2, 10 ¶ VII. Jurisdiction existed under 18 U.S.C. § 3231. Further, the United States complied with the notice requirement by filing the § 851 Information before Olsen entered his guilty plea, 21 U.S.C. § 851(a).

No double jeopardy argument, *see* Mot. § 2255 at 6-7 ¶ IV, is available because Olsen violated the laws of two separate sovereigns, the State of Montana and the United States. He may be prosecuted, sentenced, and punished by each. *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. Wheeler*, 435 U.S. 313 (1978), *followed in United States v. Lara*, 541 U.S. 193, 210 (2004).

Finally, Olsen's claim that misdemeanors should not be redefined as felonies, Mot. § 2255 at 8-9 ¶ VI, ignores controlling federal law, 21 U.S.C. § 802(13), (44). It is also inapposite. The crime of which Olsen was convicted in state court is a felony regardless of whether one applies the federal or the state definition. *See* Sentencing Order (Doc. 181-1) at 1, 2 ¶ 1; 21 U.S.C. § 802(44).

For these reasons, Olsen's § 2255 motion lacks merit. Because he is not "actually innocent," the motion is also time-barred. A certificate of appealability is not warranted because Olsen does not meet the relatively low threshold of 28 U.S.C. § 2253(c)(2) and no reasonable jurist would find a reason to encourage further proceedings, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*

4

*v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Olsen's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 407) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Olsen files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-81-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Olsen.

DATED this 29th day of December, 2014.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge