IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD EUGENE OLSEN JR.,<br><br>Defendant. | CR 05-68-BLG-SPW<br><br>ORDER |

Defendant Gerald Eugene Olsen Jr. was sentenced by this Court to 240 months in prison on January 31, 2007. He has now filed an Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly called a motion for compassionate release. (Doc. 430). Plaintiff United States of America ("the Government") concedes that Olsen is entitled to compassionate release due to the sentencing disparity created by the First Step Act.

For the following reasons, the Court grants Defendant's motion.

I.  **Olsen's Current Sentence**

Olsen and six co-defendants were charged with 17 drug-related counts; Olsen was charged in three of those counts. He pleaded guilty to Count 10, Conspiracy to Possess with Intent to Distribute and to Distribute at least 500 grams

1

of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Doc. 122). The other counts were dismissed at sentencing.

Olsen initially was subject to a mandatory minimum prison sentence of 10 years. 21 U.S.C. § 841(B)(1)(a)(viii). However, prior to the parties reaching a plea agreement, the Government filed an Amended Title 21 U.S.C. Section 851 Information pursuant to Olsen's prior felony drug conviction in the State of Montana. (Doc. 181). The § 851 enhancement doubled Olsen's mandatory minimum to 20 years. 21 U.S.C. § 841(b)(1)(A); (Doc. 236 at 4-5). His resulting advisory guideline range was 168 to 210 months. (*See* Doc. 313 at 4). On January 17, 2007, he was sentenced to 240 months imprisonment and 10 years of supervised release. (Doc. 321; 329).

Olsen's co-defendants pleaded guilty and received the following sentences:

- Joshua Mystrol, 110 months on each of Counts 1 and 4, to run concurrent;
- Marvin Isom Quesenberry, 280 months on each of Counts 1, 7, 10, 13, and 16, to run concurrent;
- Crystal Busby, 70 months on each of Counts 1 and 7, to run concurrent;
- Daniel Richard Quesenberry, 96 months on Count 1;
- Tyler Martin Hendrickson, 70 months on Count 1; and
- Kyle Cody Young, 70 months on Count 10.

(Doc. 110; 119; 168; 186; 265; 320). All of Olsen's co-defendants have been released from custody.

Olsen is still in custody at FCI Beaumont in Texas. *See* BOP Inmate Finder, http://www.bop.gov/inmateloc/. He has served more than 16 years, or 192 months,

2

of his 240-month sentence. (Doc. 83). His projected release date is November 30, 2024.

## II. Legal Framework for Sentence Reduction

A sentencing court may reduce a sentence if (1) the defendant has exhausted his administrative remedies,[1] and (2) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). If such reasons exist, then the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id. See also United States v. Keller*, 4 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Olsen has exhausted his administrative remedies, so only the second and third steps of the test for compassionate release are relevant here.

## III. Discussion

### *A. Reasons for Reduction*

Olsen cites two "extraordinary and compelling reasons" justifying his compassionate release: (1) non-retroactive changes in sentencing law, and (2)

---

[1] Before the passage of the First Step Act of 2018 ("FSA"), only the Director of the Bureau of Prisons was authorized to file a motion in the sentencing court requesting the prisoner's "compassionate release." The FSA authorized prisoners to file motions on their own behalf. However, the FSA also imposed an exhaustion requirement, meaning a prisoner must ask the Bureau of Prisons to file a motion for him before he may file one himself. 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2918); *Keller*, 4 F.4th at 1282.

3

Olsen's medical issues. Olsen also argues that consideration of the sentencing factors warrants a reduction in his sentence.

### 1. Non-retroactive Changes in Sentencing Law

Section 3582(c)(1)(A)(i) does not define the phrase "extraordinary and compelling reasons." However, the Ninth Circuit has authorized district courts to "consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022).

Prior to the passage of the FSA, a defendant could be subject to an enhanced mandatory minimum, like the one applied to Olsen, if he had been convicted of any drug offense punishable by more than one year imprisonment under federal, state, or foreign law. 21 U.S.C. § 802(44). However, the FSA amended the statute to only allow for the application of enhanced mandatory minimums if the defendant had been previously convicted of one or more "serious drug felon[ies]." 21 U.S.C. § 841(b)(1)(A). Serious drug felonies are limited to (1) violations of specific federal statutes, and (2) violations of state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance. 21 U.S.C. § 802(57); 18 U.S.C. § 924(e)(2). Further, either type of

felony must be punishable by a maximum term of imprisonment of 10 years or more. *See* 18 U.S.C. § 924(e)(2).

Under the FSA, Olsen's prior felony drug possession offense does not qualify as a predicate offense for the § 851 sentencing enhancement because his conviction was in state court and for simple possession. (*See* Doc. 181 at 2). If Olsen was sentenced today, he would face an advisory guidelines range of 140 to 175 months and a mandatory minimum of 10 years, rather than a guideline range of 168 to 210 months and a mandatory minimum of 20 years.

Already, Olsen has served more than 16 years, or 192 months, of his 240-month sentence. As both parties note, this is well over the 10-year mandatory minimum and 140 to 175-month guideline range that would have been imposed if he was sentenced today. This disparity alone justifies a reduction in Olsen's sentence.

   2.   *Olsen's Health*

Olsen is 43 years old and suffers from hypertension. Hypertension is a serious condition that can make a person more likely to get very sick from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-withmedical-conditions.html. Hypertension also can be exacerbated by poor diet. As part of its COVID-19 mitigation protocols, the Bureau of Prisons confined Olsen to his cell and fed him pre-made meals such as

bologna during "lock-downs"; Olsen did not receive food tailored to the needs of his hypertension during the lockdowns. These health concerns further magnify the disparity between him and other similarly situated offenders.

### 3. Conclusion

Under the current law, the § 851 sentencing enhancement would not apply to Olsen, and he would have been released from prison, at minimum, six years ago. His sentence also is grossly disproportionate to those similarly situated offenders because of his prior conviction for a non-violent, now non-serious drug offense. Olsen's health concerns further amplify his disparate treatment. Thus, the Court finds that extraordinary and compelling reasons exist to reduce Olsen's sentence. *See Keller*, 2 F.4th at 1284.

### B. Section 3553(a) Factors

Among the pertinent § 3553(a) sentencing factors are: the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote a respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline

range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants." *See id.* § 3553(a)(4), (6).

Olsen argues the Court should reduce his sentence based on the § 3553(a) factors—namely that the crime was non-violent, he was a mid-level dealer in the conspiracy, his sentence was disproportionately higher than those of his co-defendants, and his criminal conduct stemmed from his methamphetamine addiction. (Doc. 430 at 24). Olsen also notes he received his GED and successfully completed a drug treatment program while incarcerated, has strong family support, and has the foundation for a career in construction. (*Id.*). These characteristics, Olsen asserts, curb any danger to the community that he could pose. (*Id.*).

The Government agrees that the sentencing disparity between Olsen and his co-defendants warrant a reduction in Olsen's sentence. The disparity, the Government explains, resulted from the filing of the § 851 enhancement only after Olsen refused to cooperate with prosecutors.

The disparities between the sentences for Olsen and five of his co-defendants is stark, varying between 130 and 170 months. Notably, the disparity resulted from what Congress subsequently declared is an inappropriate predicate offense for a § 851 sentencing enhancement.

7

Olsen's other characteristics, on their own, do not support a sentence reduction. However, the fact that Olsen's crime was driven by his methamphetamine addiction, and he has since completed treatment for that addiction indicates to the Court that Olsen is unlikely to reoffend, and the public will be protected. Further, 16 years imprisonment is certainly a sufficient punishment, particularly for a non-violent crime. Finally, with a GED, family support, and prior construction experience, Olsen has the foundation to re-enter society and become a productive citizen. In sum, the § 3553(a) factors bolster Olsen's already-strong argument for a sentence reduction.

C. *Extent of Sentence Reduction*

Given that extraordinary and compelling circumstances exist in Olsen's case, and the 3553(a) sentencing factors support a reduced sentence, the final question for the Court is the extent to which it should reduce Olsen's sentence. Olsen has served more than 80% of his original sentence. Since Congress has decided that a 240-month mandatory minimum for a defendant in Olsen's shoes is inappropriate, the Court finds Olsen has served a sufficient time in prison for his offense. As such, the Court reduces his sentence to time served.

With respect to Olsen's term of supervised release, the Court finds that a reduction to five years is appropriate. Defendants facing 10-year mandatory minimums today are subject to a minimum term of five years of supervised release.

Thus, the Court adjusts Olsen's term of supervised release to conform to the current status quo.

## IV. Conclusion

Accordingly, IT IS ORDERED:

1. Olsen's motion to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 430) is GRANTED. The sentence on Count 10 is REDUCED to time served.

3. Olsen's term of supervised release on Count 10 is REDUCED to five (5) years.

4. This Order is STAYED for up to 60 days.

5. The United States Probation Office must verify Olsen's residence and establish a release plan with a provision for placement in a prerelease center for at least six (6) months. Appropriate travel arrangements must also be made.

6. Olsen shall be released on the earlier of the following dates:

    a.    when the Probation Office is satisfied that the requirements of paragraph five are met; or
    b.    seventy (70) days from the date of this Order.

7. If more than 60 days are needed to accomplish Olsen's release, the United States must so notify the Court and demonstrate good cause why the stay of this Order should be extended.

8. The United States Probation Office shall review Olsen's conditions of supervised release. If modifications are needed, the Probation Office shall notify counsel for both parties.

9. Olsen must provide the Court with the complete address where he will reside upon release.

10. A second amended judgment will accompany this Order.

DATED this 20th day of January, 2023.

SUSAN P. WATTERS
United States District Judge